UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GINO R. YNCLAN,

        Plaintiff,

    v.

M. EVANS, Warden; CHARLES D. LEE, Chief Medical Officer; and TONY TRAN, Head Pharmacist,

        Defendants.
                                       /

No. C 07-0484 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he had a "skin disorder" for which he was referred – by whom he does not say -- to "main medical," which, however, did not see him from October of 2005 until August of 2006.  After he was finally seen, the pharmacy failed to give him the prescribed medication until January 12, 2007.  He says that he filed many administrative appeals which were granted, but that no relief resulted.

The defendants who are named here are the Warden, the Chief Medical Officer, and the Head Pharmacist.  None of these are mentioned in plaintiff's "Statement of Claim."

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957).  *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.  *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement.  The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

2

Under the *Twombly* standard set out above, in order to state a claim plaintiff must proffer "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65. Because he has not even mentioned the defendants, he has not stated a claim against them.

It appears that plaintiff is trying to state a claim for deliberate indifference to a serious medical need, which indeed is a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to do so he must allege facts sufficient to plausibly claim that he had a serious medical need. His allegation that he had a "skin disorder" is not sufficient to do so. A "serious medical need" is defined as a condition or injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Plaintiff has failed to state a claim for this additional reason.

**CONCLUSION**

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 26, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\ynclan0484.dwlta.wpd

4