1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6

7   GINO R. YNCLAN,

8              Plaintiff,                          No. C 07-0484 PJH (PR)

9        v.                                        **ORDER OF SERVICE AFTER**
                                                   **AMENDMENT**
10  M. EVANS, Warden; CHARLES D. LEE,
    Chief Medical Officer; and TONY TRAN,
11  Head Pharmacist,

12             Defendants.
    _____/
13

14        This is a civil rights case filed by a state prisoner.  The complaint involves events

15  which occurred while plaintiff was housed at Salinas Valley State Prison.  The complaint

16  was dismissed with leave to amend in the initial review order.  Plaintiff has amended.  The

17  court will now review the amended claims to determine whether they should be served.

18  *See* 28 U.S.C § 1915A(b)(1),(2) (court must screen prisoner complaints and dismiss claims

19  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

20  seek monetary relief from a defendant who is immune from such relief).

21                                      **DISCUSSION**

22  **A.    Legal Claims**

23        Plaintiff alleged in his original complaint that he had a "skin disorder" for which he

24  received no treatment, despite repeated promises, from October of 2005 until August of

25  2006.  He also alleged that after he was finally seen, the pharmacy did not give him the

26  prescribed medication until January 12, 2007.  He claimed that his many administrative

27  appeals were granted, but that no relief resulted.

28  ///

The original complaint was dismissed because none of the defendants were mentioned in the "Statement of Claim" and because plaintiff had not pleaded sufficient facts to allege that he had a serious medical need. In the amendment plaintiff explains that his skin disease is a hereditary condition known as ichthyosis, and that it causes dry, scaly skin that cracks and bleeds. He says it is very painful. This is sufficient to allege a serious medical need.

Plaintiff alleges that defendant Lee was informed of his condition and that it was not being treated by way of plaintiff's administrative appeals, but failed to ensure that treatment was given. He also alleges that defendant Tran, the head pharmacist, refused to fill the prescriptions. These allegations are sufficient to require a response from these two defendants.

Plaintiff concedes that his claim against Evans, the warden, is a respondeat superior claim. Such claims cannot be maintained in the Section 1983 case such as this. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The claims against Evans will be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons,

1. Plaintiff's claim against defendant Evans are **DISMISSED** with prejudice.

2. The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this Order, upon the following defendants: Charles D. Lee, Chief Medical Officer; and Tony Tran, Head Pharmacist. Plaintiff states that these defendants can be found at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

    a. Defendants shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.

///

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

c.  If Defendants wish to file a reply brief, they shall do so no later than fifteen days after service of the opposition.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

4.  All communications by plaintiff with the court must be served on deendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  February 27, 2008.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\ynclan0484.SRV.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

4