UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GINO R. YNCLAN,

          Plaintiff,

    v.

M. EVANS, Warden; CHARLES D. LEE, Chief Medical Officer; and TONY TRAN, Head Pharmacist,

          Defendants.
                                       /

No. C 07-0484 PJH (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

    This is a civil rights case filed pro se by a state prisoner. He alleges that defendants were deliberately indifferent to his medical needs in that they delayed in referring him to a dermatologist and in filling his prescriptions for his genetic skin disorder.

    The claims against defendant Evans were dismissed with prejudice in the initial review order. The only remaining defendants, Tran and Lee, were served and now have moved for summary judgment or partial summary judgment, and plaintiff has filed a "Motion for Court to Take Notice."[1] Both motions are opposed.

**DISCUSSION**

**A.    Plaintiff's Motion for Notice**

    Plaintiff asks the court to "take notice" that, he claims, defendants do not address in their motion for summary judgment his claim that they did not meet standards for medical care allegedly set out in a prisoner medical care class action, *Plata v. Schwarzenegger*, No. C 01-1351 TEH. He also asserts that defendants have "admitted the truth of plaintiff's

---

[1] Where "defendants" is used below it refers to movants Tran and Lee.

claim that he was neglected to be seen from October 2005 until August 2006 by the prison specialist . . . ." In fact his amended complaint contains no *Plata* claim; it may be that his contention simply is that defendants have conceded he did not see a dermatologist for ten months, and that this does not conform to *Plata* requirements. Because plaintiff's claim regarding the delay in seeing a dermatologist will be dismissed with prejudice for the reasons discussed below, eliminating that claim from the case, his motion for notice will be denied as moot.

**B.    Defendants' Motion for Summary Judgment or Partial Summary Judgment**

Defendants contend that plaintiff failed to exhaust administrative remedies and that they did not have any involvement in plaintiff's health care.

The court will treat defendants' contention that plaintiff failed to exhaust his administrative remedies as an unenumerated motion to dismiss. Because prisoner plaintiffs may not even bring suit until they have exhausted, 28 U.S.C. § 1997e(a), consideration of the failure to exhaust ground logically should precede consideration of the summary judgment grounds. The motion to dismiss for failure to exhaust will be granted, so defendants' motion for summary judgment need not be addressed.

**1.    Standard**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id*. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id*.; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether

2

they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfies the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

**2.    Analysis**

**a.    Plaintiff's Failure to Provide Evidence in Proper Form**

Defendants have established that plaintiff pursued no administrative appeals to the third and final formal level, *see* Decl. Grannis at 2, but plaintiff contends that he nevertheless did adequately exhaust. Attached to his motion to take notice are copies of a number of documents -- administrative appeals and medical records. Plaintiff does not say that he wants the court to consider them in support of his opposition to the motion for

3

summary judgment, but it is difficult to imagine why else they would have been provided. They are, however, not authenticated in any way, not even by a declaration from defendant that they are accurate copies.

Plaintiff was warned in the order of service that if defendants moved to dismiss for failure to exhaust he would have to support his opposition with evidence, and that "[s]uch evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions." Because plaintiff has failed to provide any evidence in proper form that he did exhaust, the motion will be granted.

### b. Merits of Exhaustion Claim

Alternatively, the court concludes that even if plaintiff's papers are considered, the motion still must be granted.

The first step in determining whether plaintiff has exhausted is to define the federal claims. The complaint arises out of plaintiff's attempts to obtain medical care for his ichthyosis, a genetic condition that causes dry, cracked skin. Am. Compl. at 1.

Plaintiff presents two claims in his amended complaint, the first a rather vague claim that he was not "seen" for his skin condition from October of 2005 to August of 2006, and the second that defendants Lee and Tran were both aware that medications prescribed on August 15, 2006, had not been provided and failed to ensure that they were provided. Am. *Id.* at 1-2.[2]

Despite having been warned in the initial review order that he must provide facts regarding what each defendant did that allegedly violated his rights, plaintiff does not mention either defendant in his first claim, and it is not possible from other parts of the

---

[2] In his opposition to the motion for summary judgment, plaintiff concedes he was seen for the skin problem ten times, and says that he was rescheduled to see a specialist each time. It thus appears that his first claim actually is that he was not seen by a dermatologist in the relevant time period, not that he was not seen at all. Pl.'s Opp. to Mot. for Summ. J. (hereafter "Opp.) at 5.

4

complaint to determine what it is he contends these defendants did – if indeed Lee and Tran are the intended defendants on claim one – to violate his rights.  At most, claim one might be a respondeat superior claim against Lee, but of course such claims cannot be the basis for a section 1983 suit.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, whether this claim has been exhausted or not, it will be dismissed for failure to state a claim.  *See* 42 U.S.C. § 1997e(c)(2) (If court determines that claim is, "on its face," frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief, claim may be dismissed without first requiring exhaustion).  Because plaintiff was warned of the defect in his previous complaint and failed to remedy it when given an opportunity, the dismissal will be without further leave to amend.

In claim two plaintiff asserts that Doctor Huntley, a dermatologist, confirmed his ichthyosis to defendant Lee and prescribed medications, and that Tran failed to provide the medications until January 12, 2007.  Am. Compl. 2-3.  In his opposition to the motion for summary judgment, plaintiff elaborates that as the Chief Medical Officer and Health Care Manager, defendant Lee must approve his medications, but failed to do so for two months.  Opp. at 4.

As to defendant Tran, plaintiff contends that as head pharmacist, Tran is responsible for supervising the pharmacy's staff and for overseeing the delivery of prescriptions.  Opp. at 7-8.  Plaintiff had valid prescriptions, but had to wait two months for his prescriptions to be filled.  *Id.* at 8.  He also alleges that he did not receive Eucerin cream or non-formulary medications even though his prescriptions for both were valid.  *Id.*

Defendants have established that plaintiff pursued no administrative appeals to the third and final formal level, *see* Decl. Grannis at 2, but plaintiff contends that he did adequately exhaust because he received relief via his administrative appeals at a level below the third level.  *See Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005) (prisoner need not exhaust further levels of review once he has received all the remedies that are "available" at an intermediate level of review).  He asserts that he did so in his exhibits one, two, six and seven.  The court assumes that these are references to the exhibits attached

5

to the motion to take notice.

Exhibits one and two relate to his wish to see a dermatologist, and thus involve claim one of the amended complaint, which has been dismissed. They are not relevant to the question whether he has exhausted the only remaining claim, claim two.

Exhibit six is an administrative appeal that was filed on August 17, 2006, two days after plaintiff was seen by the outside dermatologist. He asks for "proper lotion & oils for his order," a loofah, an order for single showering, a permanent rather than yearly order to cotton socks, and "proper soap." Mot. Notice, Ex. 6. This grievance was "partially granted." The attached typed response, dated November 14, 2006, is confusing as to what was granted and what denied, but it is clear that he was denied Eucerin cream and, because he had not asked to have the prescription refilled, was denied mineral oil. *Id.* He was informed that "this issue may be submitted for a Director's Level of Review if desired." *Id.* The typed response is signed on behalf of defendant Lee by someone whose signature is illegible. *Id.* The response on this grievance clearly was not a complete grant of relief, and plaintiff did not appeal it to the third level, so it did not exhaust plaintiff's medication claim.

Exhibit seven is a grievance dated December 21, 2006, in which plaintiff complains that the pharmacist has refused to refill his prescriptions for Ammonium Lactate lotion and ZNP soap bars. Mot. Notice, Ex. 7. He asserts that this has happened "repeatedly" and that he should not have to see a doctor just to get refills. *Id.* This appeal was granted at the informal level. *Id.* The person granting the grievance says that "you are now receiving your necessities. Your necessities required Health Care Manager approval due to being a non-formulary request." *Id.* Because plaintiff's claim two here involves a two-month delay in receiving his medications after they had been ordered by the dermatologist on August 15, 2006, it is apparent that this grievance does not involve the same claim – if nothing else, his references to refills and having to see doctors to get refills negates that possibility. That this grievance was granted thus does not establish that claim two was exhausted.

///

Plaintiff argues that "a general grievance complaining about medical care may satisfy the exhaustion requirement regarding several specific aspects of medical care if the grievance sufficiently puts prison officials on notice of complaints." Opp. at 2. That may be true, but in this case his grievances were not general grievances, and they did not adequately alert prison authorities to his complaint about not getting the medications ordered by the dermatologist.

Because plaintiff only pursued his administrative remedies up to the second formal level of review, and administrative remedies remained available – i.e., he could have filed administrative appeals to the director's level – he failed to exhaust all administrative remedies.

## CONCLUSION

Claim one of the amended complaint is **DISMISSED** with prejudice. Plaintiff's motion for the court to take notice (document number 23 on the docket) is **DENIED** as moot.

Defendants' motion for summary judgment (document number 15) is **GRANTED** to the extent it is construed as an unenumerated motion to dismiss claim two for failure to exhaust. It otherwise is **DENIED** as moot. Claim two of the complaint is **DISMISSED** without prejudice.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 6, 2009.

                                      PHYLLIS J. HAMILTON  
                                      United States District Judge

G:\PRO-SE\PJH\CR.07\ynclan0484.DSM-EXH.wpd